UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| NORTH AMERICAN CATHOLIC EDUCATIONAL PROGRAMMING FOUNDATION, INC., Plaintiff, | : | |
| v. | : | No. 04-473-T |
| SPRINT CORPORATION and AMERICAN TELECASTING OF YOUNGSTOWN, INC., Defendants. | : | |

**AFFIDAVIT OF HOWARD J. BARR**

I, Howard J. Barr, hereby declare and state as follows:

1. I am a partner in the law firm of Womble, Carlyle, Sandridge & Rice. I work in Washington, D.C. I have personal knowledge of the facts set forth below.

2. For a number of years I have represented the North American Catholic Educational Programming Foundation ("NACEPF") in connection with its dealings with the Federal Communications Commission ("FCC"). In particular, I have assisted NACEPF to obtain and renew licenses granted by the FCC to operate Instructional Television Fixed Service ("ITFS") channels in various American markets.

3. NACEPF holds a license to operate ITFS channels in the Youngstown, Ohio metropolitan area. It leases certain excess capacity it has on these channels to American Telecasting, Inc. ("American"), which later became a wholly owned subsidiary of Sprint Corporation ("Sprint"). The lease between NACEPF and American is memorialized in a

document captioned ITFS Excess Capacity Airtime Lease Agreement (the "Lease Agreement"). I participated in the drafting of the second and third amendments to the Lease Agreement, and I negotiated with sprint Corporation on behalf of NACEPF with respect to those agreements.

4. As of 2002, NACEPF's license from the FCC to operate ITFS channels in the Youngstown, Ohio metropolitan area was scheduled to expire on April 30, 2003. NACEPF wished to renew this license. Accordingly, on December 2, 2002, I transmitted to the FCC on behalf of NACEPF an application for renewal of this license. A copy of this application, and my accompanying transmittal letter, is attached hereto as Exhibit A. The FCC subsequently granted this renewal application.

5. As Exhibit A reflects, I sent a copy of my December 2, 2002 submission to the FCC to Nicole Rowland of Sprint Corporation. I did this for several reasons. First, under the Lease Agreement NACEPF was required to make certain filings to preserve its FCC license, including the filing of the renewal application. I wanted Ms. Rowland to know that NACEPF had discharged this aspect of its obligations under the Lease Agreement. In addition, I was aware that the term of the Lease Agreement, under the third amendment thereto, was scheduled to expire on April 30, 2002 (like the FCC license itself) unless NACEPF elected to renew the Lease Agreement for an additional five-year term through April 30, 2008. Although the Lease Agreement and its three amendments did not require that NACEPF give notice to Sprint in any particular manner of its intention to renew, as a courtesy I felt it appropriate to copy Ms. Rowland on my letter to the FCC in order to inform Sprint of NACEPF's election to renew the Youngstown agreement.

6. On January 2, 2003, while NACEPF's renewal application with the FCC was pending, I sent an email to Ms. Rowland asking her to provide me with information needed for the

renewal. A copy of this email is attached as Exhibit B. As Exhibit B reflects, Ms. Rowland responded the same day. Our exchange of email makes it clear that Sprint knew NACEPF had applied to review its FCC license for Youngstown.

7. Since the sending of my December 2, 2002 submission to the FCC, I have had several discussions and exchanges of correspondence concerning the Lease Agreement with Jennifer L. Crowder, a Sprint representative. Ms. Crowder has never asserted that Sprint was entitled to a specific form of notice of NACEPF's election to renew the Lease Agreement, and she has never contended that Sprint did not receive a copy of my December 2, 2002 submission to the FCC.

[signature]
Howard J. Barr

Sworn to before me this 20 day of October, 2005.

Regina McFadden
Notary Public
My Commission Expires: 3-14-08