UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| NORTH AMERICAN CATHOLIC EDUCATIONAL PROGRAMMING FOUNDATION, INC., | : | |
| Plaintiff, | : | |
| v. | : | No. 04-473-T |
| SPRINT CORPORATION and AMERICAN TELECASTING OF YOUNGSTOWN, INC., | : | |
| Defendants. | : | |

**SUPPLEMENTAL AFFIDAVIT OF HOWARD J. BARR**

I, Howard J. Barr, hereby declare and state as follows:

1. I am a partner in the law firm of Womble, Carlyle, Sandridge & Rice. I work in Washington, D.C. I have personal knowledge of the facts set forth below.

2. I have reviewed the Affidavit of Jennifer L. Crowder that has been submitted in connection with the defendant's opposition to NACEPF's motion for summary judgment in this case. At paragraph 17 of her affidavit, Ms. Crowder avers that I drafted the Third Amendment to the ITFS Excess Capacity Airtime Lease Agreement (the "Agreement") at issue in this case. That statement is not correct. Its contents were the product of a joint negotiation between NACEPF and Sprint Corporation. I drafted its contents pursuant to their joint instructions. Both parties had input and contributed to this document.

3. Ms. Crowder was not involved in the negotiation of the Third Amendment.

4. In Paragraph 19 of her affidavit, Ms. Crowder notes that the last sentence of Paragraph B(a) of the Third Amendment states that "It is acknowledged and agreed that [Youngstown] shall have the absolute right not to renew this Agreement notwithstanding any provision hereof to the contrary." This sentence was intended to apply only to the initial renewal term of the Agreement (from May 1, 1998 through April 30, 2003). It was not intended to apply to the additional renewal term (from May 1, 2003 through April 30, 2008) which is discussed separately in Paragraph B(b) of the Third Amendment.

5. At paragraph 44 of her affidavit, Ms. Crowder states that, after April 30, 2003, "Youngstown thereafter continued to provide payment on a month-to-month basis for its minimal use of NACEPF's ITFS excess capacity." Sprint never gave any indication that it considered the Lease Agreement to have changed to a month-by-month arrangement after April 30, 2003, or that it was paying only on a month-to-month basis.

[signature]
Howard J. Barr

Sworn to before me this 1 day of December, 2005.

Regina McFadden
Notary Public
My Commission Expires: 3-14-08