UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| NORTH AMERICAN CATHOLIC EDUCATIONAL PROGRAMMING FOUNDATION, INC., Plaintiff, | : | |
| v. | : | CA 04-473 T |
| SPRINT CORPORATION[1] and AMERICAN TELECASTING OF YOUNGSTOWN, INC., Defendants. | : | |

**ORDER**
**FOR FURTHER BRIEFING**

On December 14, 2005, the court conducted a hearing on Plaintiff's Motion for Summary Judgment (Document ("Doc.") #10). After listening to the arguments of counsel and reviewing the filings in this action, the court is uncertain whether "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs ...," 28 U.S.C. § 1332(a). Accordingly, the court desires further briefing from the parties on this issue. See Spielman v. Genzyme Corp., 251 F.3d 1, 4 (1st Cir. 2001)(noting court's "responsibility to police the border of federal jurisdiction"); Iglesias v. Mut. Life Ins. Co. of New York, 156 F.3d 237, 241 (1st Cir. 1998)("although district court's jurisdiction had not been challenged, Court had duty to raise question of whether jurisdiction amount was involved"); see also Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1261 (11th Cir. 2000)("[A] federal court must inquire *sua sponte* into the issue whenever it appears that jurisdiction may be lacking.").

---

[1] Sprint Corporation ("Sprint") was dismissed without prejudice from this action on August 16, 2005, by agreement of the parties. See Stipulation of Dismissal as to Defendant Sprint Corporation (Document ("Doc.") #9).

Accordingly, **Plaintiff is directed to file a supplemental memorandum addressing this question by January 6, 2006.** See Spielman v. Genzyme Corp., 251 F.3d at 4 ("[T]he party seeking to invoke jurisdiction ... has the burden of showing that he has met the statutory requirements."). **Defendant shall file its reply memorandum by January 27, 2006.** The memoranda shall not exceed ten pages in length. The parties are not to submit additional copies of documents already in the record, but may cite to those documents. Documents, including affidavits, not presently in the record may be submitted if a party believes they are necessary to the determination of the jurisdictional issue.

After the court receives the memoranda, it will decide whether it wishes additional oral argument on the issue of jurisdiction. If the court concludes that no additional argument is required, it will proceed to decide the matter based on the parties' filings.

So ordered.

ENTER:

David L. Martin

DAVID L. MARTIN
United States Magistrate Judge
December 14, 2005

BY ORDER:

Deputy Clerk